# GEORGE G. BLUNT

## v.

# JOHN L. ASHURST.

INSTRUCTIONS—EVIDENCE.—As the instructions given by the court ignore certain material and well established facts upon the questions at issue, and as the evidence is too loose and unsatisfactory to support so large a verdict, the judgment is reversed and the cause remanded.

ERROR to the Circuit Court of Mason county; the Hon. C. EPLER, Judge, presiding. Opinion filed January 22, 1884.

Messrs NORTHRUP & PRETTYMAN, for plaintiff in error.

Messrs. FULLERTON & WALLACE, Mr. W. H. CAMPBELL and Mr. JOHN W. PITMAN, for defendant in error.

HIGBEE, J. Plaintiff in error, a resident of Chicago, was, on November, 26, 1879, the owner of the right to manufacture and sell what was known as Blunt's "Press Drill," and defendant in error, a resident of Mason county, being desirous of engaging in manufacturing said drills, a contract was entered into between them, by which plaintiff in error agreed to introduce and sell the drill by himself and subagents to be employed by him for that purpose; he to order, on or before the 10th day of January of each year, all the drills he, at that time, thought he could sell during the following year, with the privilege of enlarging the order, if he shall feel justified in doing so, on or before the first day of April of each year, or at any time thereafter. Defendant to manufacture the drills at Havana and to fill all such orders, or notify appellant if it was impossible for him to comply therewith, and to furnish to plaintiff on or before the first day of January of each year a list of prices and terms of sale for the ensuing year, which were not to be increased during the succeeding year, defendant to discount to plaintiff the retail price of the drills sold by him thirty per cent., as compensation for assuming the obligation of selling the drills. Said

contract also contained the following clause, for the alleged violation of which this suit was brought: "It is further agreed between said parties, that if at the end of any year there are more of those drills ordered by said Blunt unsold than the said Blunt's interest of said commission or discount. will pay for, said drills are to be kept at said Blunt's expense to the next season or until sold; said Ashurst to not suffer any discount from net price on account of shrinkage in value."

In pursuance of the terms of this agreement, plaintiff ordered in January, 1881, for the trade of that year, twelve hundred drills, two hundred of them to be delivered by the first day of May, and the balance by the 10th of September following; and in April gave an additional order for two hundred to be delivered June 1st, and six hundred to be delivered August 20th, of the same year.

On September 10, 1881, defendant had manufactured 998 drills and had some others under way, when, owing to their slow sale, he ceased to manufacture them.

Plaintiff had advertised extensively, and established agencies in Illinois, Ohio, Missouri, Kansas, Nebraska, Michigan and Indiana, but, owing to great competition, had met with but limited success in making sales. Of the 998 drills made in 1881, it is claimed by defendant that only 180 were sold that season, 48 in 1882, and the rest, 770, carried over until November 18, 1882, when they were sold by defendant to the Havana National Bank.

In accordance with the terms of the written agreement defendant in November, 1880, furnished the following terms and prices for sales for the year 1881:

Drills with six wooden wheels, cash, $75.00

"      "      " iron     "      " $78.00

"      " eight wood or iron wheels $85.00

Terms: Three dollars added to cash prices on six or twelve months time with eight per cent. interest. In August the parties agreed to deduct five dollars from the selling price of each drill, and in November, 1881, defendant fixed the price for the year 1882, the same as at the close of the previous year.

This suit was brought to recover compensation for taking care of the drills from the close of the season of 1881 until they were sold, and for the discount from the net price on account of shrinkage in value as stipulated in the clause of the contract above set out. A trial was had before a jury resulting in a verdict and judgment in favor of defendant for $6,253.53, from which plaintiff in error prosecutes a writ of error to this court, and assigns numerous errors.

On the trial of the cause the court, at the instance of defendant in error, gave to the jury the following instruction:

"If the jury find from the evidence and the instructions in this case that the contract sued on remained in full force and effect as to the drills manufactured in 1881, and that seven hundred and seventy of those drills, or any other number of them, remained unsold by the defendant at the commencement of this suit, and that there had been a shrinkage in the value of the drills so unsold below their net price, then the defendant is liable to the plaintiff in this suit for such shrinkage, and the jury will allow to the plaintiff whatever they may find from the evidence was the value of such shrinkage."

This instruction ignores the important fact that 546 drills were sold in 1882 by plaintiff in error and his agents at the prices fixed by defendant in error for their sale in that year, and that therefore no loss was sustained by reason of their shrinkage in value. By the express terms of the contract defendant in error was to fix the prices at which the drills should be sold. The prices for sales in 1882 were fixed by him in the fall of 1881, before the end of that business year, and were to be the same as for 1881, and no evidence tends to show that a single drill was sold below the price on account of shrinkage or depreciation in value.

But defendant in error contends that the drills sold by plaintiff in error and his agents in 1882 were new drills, made that year, and not the ones that had been carried over from 1881. By the contract, plaintiff in error was to give a written order for the manufacture of all the drills to be sold by him, and it was only on such as he should order and fail to sell during the year that he was to be responsible for shrink-

age, and defendant in error had no right, either morally or legally, to continue in store at his expense, drills manufactured on his order, and send him and his agents drills which he had not ordered or agreed to sell, without his consent, and the record shows no consent on his part to any such arrangement.

The next instruction given for defendant in error informed the jury that the 770 drills made in 1881 and not sold at the end of that year, were to be stored and kept at the expense of plaintiff in error, and that if defendant in error kept and stored them, or any of them, or bestowed labor and care on them, or expended money to protect them from injury, he was entitled to recover therefor. This instruction wholly ignores the well established fact that at the close of 1881, of the 770 drills made that year, 325 were in the hands of the agents of plaintiff in error in the different States where he had established agencies, under contracts to care for and store them at the expense of the agents, which was done so far as the evidence shows. Notwithstanding these drills in the hands of plaintiff's agents never cost defendant in error a dollar for their storage, so far as the evidence shows, it is highly probable that the jury under this instruction charged the storage of the whole 770 against plaintiff in error.

These reasons, as well as the fact that the evidence in the case seems loose and unsatisfactory to support so large a verdict, have led us to the conclusion that this cause should be again submitted to a jury under instructions more carefully guarded.

Judgment reversed and cause remanded.

Reversed and remanded.